IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01438-REB-CBS

RICHARD A. MAES,
    Plaintiff,
v.

20TH JUDICIAL DISTRICT,
AMY WADDLE, and
CLAIRE WALKER,
    Defendants.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Maes' "Motion to Return Filing Fee" (filed November 9, 2006) (doc. # 20). Pursuant to the Order of Reference dated July 26, 2006 (doc. # 3) and the memorandum dated November 9, 2006 (doc. # 21), the motion was referred to the Magistrate Judge. The court has reviewed the motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Proceeding *pro se*, Maes filed his "Title VII Complaint" on a form on July 25, 2006. Maes filed his Amended Complaint on August 7, 2006. Defendant 20th Judicial District filed an Answer on September 7, 2006. On October 6, 2006, Maes filed a "Motion to Dismiss Plaintiff's Lawsuit." On October 10, 2006, District Judge Blackburn entered an Order of Dismissal. Maes now requests that the court return his filing fee, as he wants to use the money to retain an attorney to represent him in state court.

    "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado, "[t]he clerk shall require payment of a filing fee before a civil action, suit, or proceeding is filed." D.C. COLO. LCivR 3.3. A filing fee is due in full at the time of filing the complaint, except under specific circumstances a prisoner may pay the fee in

1

installments. *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1)-(2) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee," subject to payment on an installment plan);  *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998) ("All § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs . . .") (internal quotation marks and citations omitted) (emphasis in original);  *In Re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (in forma pauperis status merely "defers, but does not permanently excuse, the payment of filing fees").

The administrative costs associated with filing a complaint accrue when a plaintiff's complaint is processed and assigned a case number.  Financial hardship does not entitle a litigant to proceed to court without payment of any costs.  *See Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998) ("Congress may require even indigent plaintiffs to prepay the filing fee in civil cases") (citation omitted).  A plaintiff whose case is dismissed, whether at the outset or at some later stage, is not entitled to a refund of the filing fees.  *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (even "[u]nsuccessful litigants are liable for fees and costs and must pay when they are able") (citation omitted).  Maes cites and the court knows of no authority that would require or allow this court to return the filing fee. Accordingly,

IT IS ORDERED that Maes' "Motion to Return Filing Fee" (filed November 9, 2006) (doc. # 20) is DENIED.

DATED at Denver, Colorado, this 14th day of November, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge